Timothy DAVIS, Plaintiff,

v.

MASUNAGA GROUP, INC., et al., Defendants.

No. 02 CIV. 0909(LAK).

United States District Court, S.D. New York.

May 30, 2002.

---

William J. Ferrall, Lapidus & Smith, LLP, New York City, NY, for Plaintiff.

M. William Munno, Seward & Kissell LLP, New York City, NY, Michael E. Reznick, McBirney & Chuck, Agoura Hills, CA, for Defendant Masunaga Group, Inc.

## ORDER

KAPLAN, District Judge.

This matter now is before the Court on the motion of defendant Stephan Ellingson to dismiss the action for lack of personal jurisdiction or, alternatively, to transfer it pursuant to 28 U.S.C. § 1404(a) to the Central District of California. The Court previously has ruled on the similar motion of Ellingson's former employer, defendant Masunaga Group, Inc. ("MGI"). *Davis v. Masunaga Group, Inc.,* 204 F.Supp.2d 657 (S.D.N.Y.2002). Familiarity with the prior opinion is assumed. It should be noted

also that plaintiff has not responded to this motion.

As there is no colorable basis for supposing that Ellingson is "doing business" in New York, the existence of personal jurisdiction over him depends upon whether the requirements of the relevant provisions of the New York long arm statute, N.Y. CPLR § 302(a), subd. 2–3, have been satisfied.

The complaint does not allege that any of the allegedly offending telephone calls, which are the gravamen of the action, were placed by Ellingson while he was present physically in the State of New York. In consequence, CPLR § 302(a), subd. 2, is not satisfied. *Davis,* 204 F.Supp.2d at 658–59.

The allegations of the complaint, which Ellingson does not dispute for purposes of this motion, establish that Ellingson committed tortious acts without the state causing injury to a person within the state, thus satisfying the threshold requirement of Section 302(a), subd. 3. *Id.* at 660. Further, in view of the fact that the complaint alleges—and Ellingson does not deny—that Ellingson made about twenty telephone calls to plaintiff in New York State as part of a course of harassment, "there is no serious question that it asserts a 'persistent course of conduct' within the meaning of Section 302(a), subd. 3(i)." *Id.* at 663. The difficulty, however, is that there is no suggestion that Ellingson engaged in that "persistent course of conduct" within the state, as subdivision 3(i) requires. *See Ingraham v. Carroll,* 90 N.Y.2d 592, 597, 665 N.Y.S.2d 10, 12, 687 N.E.2d 1293 (1997) ("CPLR § 302[a][3][i] necessitates some ongoing activity *within New York State* ") (emphasis in original). As plaintiff does not allege that Ellingson otherwise satisfied subdivision 3 of CPLR Section 302(a), the exercise of personal jurisdiction

over Ellingson in this case is not authorized by New York law.

The foregoing analysis calls into question the Court's conclusion with respect to the motion by MGI, which raised the question whether the requirements of Section 302(a), subd. 3(i) and (ii) were satisfied, albeit in this respect not so clearly as Ellingson. Inasmuch as the Court's conclusion that there was personal jurisdiction over MGI depended upon its conclusion that the requirement of a persistent course of conduct within the state was satisfied by Ellingson's actions, the Court's prior conclusion was incorrect.

For the foregoing reasons,

1. Ellingson's motion to dismiss or transfer is granted to the extent that the action is dismissed as against him for lack of personal jurisdiction.

2. The Court *sua sponte* reconsiders its ruling denying the motion of MGI. On reconsideration, it vacates its order of May 22, 2002 and grants MGI's motion to dismiss the action as against it for lack of personal jurisdiction.

SO ORDERED.